In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-06-00152-CR


______________________________




TOMMY WALTER DARLING, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 8th Judicial District Court


Hopkins County, Texas


Trial Court No. 0518226




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 A jury found Tommy Walter Darling guilty of aggravated sexual assault in several cases,
which were consolidated and tried together. Each conviction was appealed separately, but with the
exception of two issues, the briefs and arguments raised in each appeal are identical.

Admission of Counseling Records Under Medical Treatment Exception

 In the two issues specifically related to his conviction in this case, Darling contends the trial
court erred by admitting the complainant's counseling records into evidence pursuant to the medical
records exception to the hearsay rule. See Tex. R. Evid. 802 (hearsay rule), 803(4) (exception for
statements for purposes of medical diagnosis or treatment). Darling objected to the admission of the
records at trial on the basis that the statements contained in these records were not necessary for
medical diagnosis. The trial court, specifically noting our opinion in Wilder v. State, 111 S.W.3d
249, 255-57 (Tex. App.--Texarkana 2003, pet. ref'd), and other cases the lower court had
researched, overruled the objection and permitted admission of the disputed State's exhibits. 

 We review a trial court's decision to admit or exclude evidence for abuse of discretion. Id.
at 255 (citing Montgomery v. State, 810 S.W.2d 372, 391-92 (Tex. Crim. App. 1990) (op. on reh'g)). 

 State's Exhibits 6 and 7 contain the counselor's notes from several different sessions with the
complainant. These notes describe the complainant's feelings, her current activities, and how she
has been coping emotionally with the aftermath of the abuse. The notes repeatedly mention her
psychological difficulties in dealing with anger issues in the context of family dynamics. 

 Darling did not limit his trial objections to any specific counseling session(s); instead, he
merely launched a global objection to all these records. We, therefore, conclude Darling's failure
to distinguish those particular records (which he believed contained inadmissible evidence) from
records that were otherwise properly admissible amounted to nothing more than a global objection
that was insufficient to preserve this issue for appellate review. Dunnington v. State, 740 S.W.2d
896, 896-97 (Tex. App.--El Paso 1987, pet. ref'd).

 Additionally, based on our review of the documents, we conclude the trial court did not abuse
its discretion because these documents arguably relate to the counselor's diagnosis and treatment of
the complainant's emotional and psychological conditions. We overrule Darling's fifth and sixth
points of error.

Darling's Remaining Issues

 Since Darling's remaining appellate issues are identical to the issues presented in his
companion appeal, we overrule those remaining issues for the reasons stated in Darling v. State,
cause number 06-06-00148-CR.

 We affirm the trial court's judgment.



 Jack Carter

 Justice


Date Submitted: April 2, 2008

Date Decided: August 13, 2008


Do Not Publish



 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




 

 

 

 

 

 

 

 

 

                                                         In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00061-CR

                                                ______________________________

 

 

                                       BRUCE KENT ESCO,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                         On Appeal from the 7th Judicial District Court

                                                             Smith County, Texas

                                                       Trial Court
No. 007-0268-08

 

                                                      
                                            

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                        Memorandum Opinion by Chief Justice Morriss








                                                      MEMORANDUM OPINION

 

            Bruce Kent Esco
appeals from his convictions for two counts of aggravated robbery.[1]  In short, he pled guilty, without a plea
bargain, to stealing cash from a Wal-Mart, and exhibiting a deadly weapon
during the offense.  The offenses
occurred in November 2007.  He was
arrested promptly, but was ultimately tried, after being institutionalized and
released, after a series of proceedings beginning in September 2009.

            Escos
attorney on appeal has filed a brief which discusses the record and reviews the
proceedings in detail.  Counsel has thus
provided a professional evaluation of the record demonstrating why, in effect,
there are no arguable grounds to be advanced. 
This meets the requirements of Anders
v. California, 386 U.S. 738 (1967); Stafford
v. State, 813 S.W.2d 503 (Tex. Crim. App. 1981); and High v. State, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978).

            Counsel
mailed a copy of the brief to Esco July 12, 2010, informing him of his right to
file a pro se response, and provided him with a complete copy of the record for
his review.  Counsel has also filed a
motion with this Court seeking to withdraw as counsel in this appeal.  Esco filed his response August 18, 2010.

            Counsel
has filed a single frivolous-appeal brief discussing the record common to both
of Escos appeals.  We addressed the
nature of the appeals more fully in our opinion of this date on Escos appeal
in cause number 06-10-00060-CR.  For the
reasons stated therein, we likewise conclude that the appeal in this case is
frivolous.

            We affirm
the judgment of the trial court.[2]

 

 

 

 

                                                                                    Josh
R. Morriss, III

                                                                                    Chief
Justice

 

Date Submitted:          September
8, 2010

Date Decided:             October
14, 2010

 

Do Not Publish











[1]Originally
appealed to the Twelfth Court of Appeals, this case was transferred to this
Court by the Texas Supreme Court pursuant to its docket equalization
efforts.  See Tex. Govt Code Ann. §
73.001 (Vernon 2005).  We are
unaware of any conflict between precedent of the Twelfth Court of Appeals and
that of this Court on any relevant issue. 
See Tex. R. App. P. 41.3.





[2]Since
we agree this case presents no reversible error, we also, in accordance with Anders, grant counsels request to
withdraw from further representation of Esco in this case.  No substitute counsel will be appointed.  Should Esco wish to seek further review of
this case by the Texas Court of Criminal Appeals, Esco must either retain an
attorney to file a petition for discretionary review or Esco must file a pro se
petition for discretionary review.  Any
petition for discretionary review must be filed within thirty days from the
date of either this opinion or the last timely motion for rehearing that was
overruled by this Court.  See Tex.
R. App. P. 68.2.  Any petition for
discretionary review must be filed with this Court, after which it will be
forwarded to the Texas Court of Criminal Appeals along with the rest of the
filings in this case.  See Tex.
R. App. P. 68.3.  Any petition for
discretionary review should comply with the requirements of Rule 68.4 of the
Texas Rules of Appellate Procedure.  See Tex.
R. App. P. 68.4.